[No. D037565. Fourth Dist., Div. One. Dec. 4, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR MORALES CERVANTES, Defendant and Appellant.

## COUNSEL

Cynthia M. Sorman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Ronda L. Cartwright-Ladendorf and Matthew Mulford, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BENKE, J.**—Victor Morales Cervantes pled guilty to transportation of methamphetamine and admitted a prior prison term. He was sentenced to a term of five years. Cervantes appeals, arguing the trial court erred in denying his motion to suppress evidence pursuant to Penal Code[1] section 1538.5.

### FACTS AND BACKGROUND

Appellant was stopped by police officers for failing to signal a right turn. A records check showed he was subject to a probation condition allowing a search of his person and vehicle at any time. Pursuant to that waiver the officers searched the car and found a gun, methamphetamine and scales. A related search of appellant's residence revealed additional methamphetamine.

Appellant moved for suppression of the items seized, arguing evidence would show he committed no turn signal violation and there was, therefore, no legitimate basis for his stop, detention and search. Appellant acknowledged the existence of his probation search condition and the general rule that such condition saves from exclusion evidence otherwise illegally seized even when an officer making the stop or search was unaware of the Fourth Amendment waiver. Appellant argued, however, the general rule did not apply when the stop or search was arbitrary or capricious and was not motivated by the legitimate needs of probation.

In reply the prosecution asserted appellant failed to signal a right turn and was lawfully stopped. It argued in the alternative that appellant was subject

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

to a probation search condition, had no reasonable expectation of privacy, and any alleged illegality in stopping him was constitutionally irrelevant.

At the section 1538.5 hearing, appellant made an offer of proof that he would, through the testimony of three witnesses, prove there was no turn signal violation and that the officers were not telling the truth when they stated there was. The prosecution replied that, even assuming no violation, exclusion was not proper since appellant was subject to search as a condition of his probation.

The trial court declined to hear appellant's evidence, holding that the search condition made irrelevant any illegality in the stop and detention.

## DISCUSSION

Appellant argues the trial court erred in excluding defense evidence that there was no turn signal violation and that the officers who stated there was were not telling the truth. He concedes as a general matter there is no basis for the exclusion of evidence seized during what would otherwise be an illegal search when it is conducted pursuant to a condition of probation. He contends, however, that evidence is excludible when seized during a probation condition search that is arbitrary, capricious or harassing. He argues if he committed no traffic violation, then his stop and detention were all of those things. The trial court, therefore, erred in not allowing him to prove the illegality of the stop. We agree.[2]

In *People v. Reyes* (1998) 19 Cal.4th 743, 754 [80 Cal.Rptr.2d 734, 968 P.2d 445], the court held "that, even in the absence of particularized suspicion, a search conducted under the auspices of a properly imposed parole search condition does not intrude on any expectation of privacy 'society is "prepared to recognize as legitimate." ' " Since the parolee, or in this case probationer, has no legitimate expectation of privacy, no strict requirement exists that the searching officer have advance knowledge of the search condition. (*People v. Robles* (2000) 23 Cal.4th 789, 797 [97

---

[2]Perhaps drawing inspiration from Shakespeare's The Merchant of Venice, appellant notes that while his search condition requires he submit to search at any time, it makes no reference at all to seizures. He contends, therefore, that while he may have consented to searches, he did not consent to seizures and any seizure of any property pursuant to his search condition was unlawful. Appellant cites no authority so holding. Appellant seeks to play semantic games. In the criminal procedural context, the word "search" and the phrase "search and seizure" are mere rubrics. They are understood to mean the whole process of seeking out and, when appropriate, seizing contraband or evidence. The use of the word "search" in a probation search condition means submission to that whole process.

Cal.Rptr.2d 914, 3 P.3d 311]; *In re Tyrell J.* (1994) 8 Cal.4th 68, 86-87 [32 Cal.Rptr.2d 33, 876 P.2d 519].)[3]

■ However, a probationer subject to a search condition retains the right to be free from a search that is arbitrary, capricious or harassing. A search is arbitrary "when the motivation for the search is unrelated to rehabilitative, reformative or legitimate law enforcement purposes, or when the search is motivated by personal animosity toward the parolee." (*People v. Reyes, supra,* 19 Cal.4th at p. 754.) A search is a form of harassment when its motivation is a mere whim or caprice. (*Ibid.*)

A mere legal or factual error by an officer that would otherwise render a search illegal, e.g., a mistake in concluding that probable cause exists for an arrest, does not render the search arbitrary, capricious or harassing. If it did, then we would have no occasion to struggle with the doctrine of search authorization based on an unknown search condition. This is so since recourse to the doctrine is necessary only when no other legitimate basis supports the search. It is only when the motivation for the search is wholly arbitrary, when it is based merely on a whim or caprice or when there is no reasonable claim of a legitimate law enforcement purpose, e.g., an officer decides on a whim to stop the next red car he or she sees, that a search based on a probation search condition is unlawful.

■ The offer of proof here that appellant made the turn signal the officers accused him of omitting is arguably such a case. The trial court should have heard the evidence and decided first if the officers stopped appellant for a traffic violation. If it concluded they did not, it should have reached the issue as to whether their action was arbitrary, capricious or harassing.

The judgment is reversed; the trial court is directed to conduct a second section 1538.5 hearing.

Kremer, P. J., and Nares, J., concurred.

On December 23, 2003, the opinion was modified to read as printed above.

---

[3]This latter rule is presently under reconsideration by our Supreme Court in *People v. Sanders* (2000) 84 Cal.App.4th 1211 [101 Cal.Rptr.2d 546], review granted February 28, 2001, S094088.